FABER, Senior District Judge,
concurring:
I concur with the decision of the majority, but I would decide the case on a different ground. I believe the evidence of harassment viewed in the light most favorable to the plaintiff was insufficiently severe to create an objectively hostile work environment.
A hostile work environment is actionable under Title VII only when the workplace “is permeated with ‘discriminatory intimidation, ridicule, and insult,’ that is ‘sufficiently severe or pervasive to alter the conditions of the victim’s employment and create an abusive working environment.’ ” Harris v. Forklift Systems, Inc., 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (quoting Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 65, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986)). The “severe or pervasive” requirement has both subjective and objective components. See id. at 21-22. Motions for summary judgment are an appropriate vehicle for courts to “police the baseline for hostile environment claims” Indest v. Freeman Decorating, Inc., 164 F.3d 258, 264 n. 8 (5th Cir.1999).
The Supreme Court has “made it clear that conduct must be extreme to amount to a change in the terms and conditions of employment.... ” Faragher v. City of Boca Raton, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). Further *359 more, “isolated incidents (unless extremely serious) will not amount to discriminatory changes in the ‘terms and conditions of employment.’ ” Id.
Crockett worked for Mission for over seven years without incident. The alleged harassment took place over the course of a single evening within that approximately seven-year period. While even a single incident can be sufficiently severe to create a hostile work environment, see Okoli v. City of Baltimore, 648 F.3d 216, 220 n. 5 (4th Cir.2011), the conduct complained of herein does not rise, in my view, to the requisite level of severity.
In all other respects I am in agreement with the majority opinion.